(51 South. 898.)

No. 17,847.

TRAHAN v. BROUSSARD COTTON OIL
CO., Limited. (Receivership No. 3.)

(March 14, 1910.)

*(Syllabus by Editorial Staff.)*

**1.** CORPORATIONS (§ 557*) — STOCKHOLDER'S
BILL—MISMANAGEMENT—PETITION.

A stockholder sued to have a corporation
running a cotton oil mill put into the hands of
receivers, alleging generally mismanagement,
and then alleged specifically that on a stock
subscription of $68,000 the directors incurred
a debt of $90,000; that the operating expenses
for 1908 and 1909 were $50,000, and the prof-
its only $2,500; that the corporate property
was mortgaged for over $6,000 to meet pressing
obligations; that the board of directors adopted
resolutions embodying a plan to borrow money
from the stockholders to take up notes and
claims owing by the corporation, but that no
provision was made for funds to operate the
corporation; that owing to natural causes, re-
ducing the amount of cotton seed necessary to
supply the various oil mills, and thereby creating
competition, it would be impossible to run the
mill at a profit. *Held,* that the acts alleged
were not unmistakable acts of mismanagement,
and, in view of a failure to allege that the acts
were not done in the honest exercise of the judg-
ment of the corporate officers in the interests of
the corporation, that a case of dissatisfaction
only was made out, and the court would not
interfere.

[Ed. Note.—For other cases, see Corporations,
Dec. Dig. § 557.*]

**2.** PLEADING (§ 228*) — EXCEPTIONS — ADMIS-
SION.

An exception of no cause of action to a
petition, alleging mismanagement of a corpora-
tion, admits that the acts alleged have been
done, but not the conclusion which the pleader
has drawn from them.

[Ed. Note.—For other cases, see Pleading,
Cent. Dig. § 590; Dec. Dig. § 228.*]

Appeal from Eighteenth Judicial District
Court, Parish of Lafayette; William Camp-
bell, Judge.

Petition by A. R. Trahan against the Brous-
sard Cotton Oil Company, Limited. From a
judgment dismissing the petition, petitioner
appeals. Affirmed.

Ralph W. Elliott, for appellant. O. C.
Mouton, for appellee.

PROVOSTY, J. An exception of no cause
of action was maintained in this case, and
plaintiff's petition dismissed. The petition
reads as follows:

"That petitioner is a stockholder of the Brous-
sard Cotton Oil Company, Limited, defendant,
a corporation organized under the laws of this
state, to the extent of 15 shares, of the par
value of $100; that said company has assets in
the village of Broussard, consisting of lots of
ground, together with buildings and improve-
ments, oil mill and other machinery, and cer-
tain products of said oil mill, open accounts,
etc.; that the directors and officers of said
company have grossly mismanaged the affairs
of said company, and are jeopardizing the rights
and interest of the stockholders and creditors
of said company and those of petitioner in this:

"That on a stock subscription of approximate-
ly $68,000 the said directors and officers incur-
red a debt of something over $90,000, which in
itself would cause a great depreciation in the
value of the stock of said company.

"That the operating expenses of said oil mill
were out of all proportion to the profits earn-
ed during the season of 1908–09, showing that
the concern was run at a practical loss during
said season, as the statement filed with your
petitioner shows an operating expense of some-
thing over $50,000 and profits of something
like $2,500, all of which will be shown on the
trial.

"That said officers and directors of said com-
pany have lately, to wit, on the 17th day of
May, 1909, mortgaged the property of said
company for the sum of $6,434.14 to meet pres-
ent pressing obligations, without the apparent
hope of being able to pay said mortgage, when
same shall become due, from the proceeds and
sale of the products of said oil mill; that said
mortgage was but a makeshift for temporary re-
lief, and at best will but for a short time put
off the day of reckoning.

"That on May 5, 1909, the board of direct-
ors of said company adopted a set of resolu-
tions embodying a plan to borrow money from
the stockholders of said company to take up and
pay certain notes and claims that are due and
owing by said company; that said plan was not
to raise money to run and operate said oil mill,
but merely to change the personnel of the cred-
itors, and practically leave affairs in the same
condition that they were at the time said resolu-
tion was passed, as will be more fully shown by
the copy of said resolution and statement hereto
annexed and made part hereof.

"That in the aforesaid resolution providing for
the raising of funds there is no provision made
for funds to operate said oil mill, and as far
as your petitioner can ascertain there is no
prospect that said oil mill will be operated dur-
ing the season of 1909–10.

"That owing to various causes, such as de-
structive insects, unfavorable weather condi-
tions, reduced acreage, etc., all tending to re-
duce the amount of cotton seed necessary to

supply the various oil mills throughout this section of the state, thereby causing great competition in the sale of cotton seed, petitioner believes, and therefore avers, that it will be a practical impossibility under the present management to run and operate said oil mill at a profit, or even to pay expenses for many years to come.

"That said corporation owes a large indebtedness, and petitioner believes, and therefore avers, that it is to the interest of the creditors and stockholders that a receiver should be appointed to take over and manage the affairs of the said corporation.

"Petitioner believes, and therefore avers, that there is a certain amount of product of said oil mill still on hand belonging to said corporation, the disposal of which should be under the control of the court.

"Wherefore petitioner prays for citation, etc., and to show cause on the day to be fixed by the court why a receiver should not be appointed to take over the management of the affairs of said corporation, with full power to hold, administer, manage, and dispose of its property, income, rights, and credits, etc., in such manner as the court may direct; and after due proceeding had that Mr. Orren B. Hopkins, a resident of the city of Lafayette, be appointed as receiver, and for general relief, etc."

Plaintiff alleges mismanagement, and then specifies the acts of alleged mismanagement. The general allegation of mismanagement is merely the conclusion which plaintiff has drawn from the acts thus specified. By the exception of no cause of action, the acts specified have been admitted, but not the conclusion which plaintiff has drawn from them. Hennen, Digest, 1169; Fertilizing Co. v. Wolf, 48 La. Ann. 631, 19 South. 558.

There is nothing in the alleged acts to stamp them unmistakably as mismanagement; and since plaintiff does not deny that they were done in the honest exercise of the judgment of the officers, as appearing to be what was best to be done in the interest of the corporation, the case presented is that of a stockholder who would have the court interfere with the corporate management or policy simply because he is dissatisfied. The well-settled rule is that the courts will do nothing of the kind. 10 Cyc. 969.

Judgment affirmed.